**RODDEN RODDEN & BRESLIN**
**BY: MATTHEW S. BRESLIN, ESQUIRE**
**I.D. #: 314774**
125 NORTH 20TH STREET
PHILADELPHIA, PA 19103
TELEPHONE: 215-940-2155

**MAJOR CASE / JURY TRIAL**

**ATTORNEY FOR PLAINTIFFS**

| | | |
|---|---|---|
| **CARLOS RIVERA**<br>4024 N 7th Street<br>Philadelphia, PA 19140<br><br>-Vs.-<br><br>**CLARENCE WALDNER**<br>2820 180th Avenue<br>Taunton, MN 56291-180<br>-AND-<br>**WALDNER TRUCKING and WALDNER TRUCKING LLC d/b/a and/or a/k/a WALDNER TRUCKING COMPANY**<br>205 N Eastern #7<br>Hartford, SD 57033<br>-AND-<br>**JOHN DOE DRIVER**<br>205 N Eastern #7<br>Hartford, SD 57033 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>December Term, 2021<br><br>No. |

**CIVIL ACTION COMPLAINT**
**2V – MOTOR VEHICLE ACCIDENT**

**NOTICE TO DEFEND**

**You have been sued in court.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fall to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GEL LEGAL HELP.

Lawyers Reference Service
One Reading Center
Philadelphia, PA 19107

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en la paginas siguientes, usted tiene veinte (20) dias de piazo al partir de la fecha de la demanda y las notificacion. Hace falta asentar una comparesencia escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandante y requiere que usted cumpla contodas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUMENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Servicio de Referencia Legal

(215) 238-6333
TTY (215) 451-6197

Uno Reading Centro
Filadelfia, PA 19107
Telefono: (215) 238-6333
TTY (215) 451-6197

1. Plaintiff, Carlos Rivera, is an individual who resides at the captioned address and, at all times material hereto, did operate, maintain and control a 1996 Toyota Corolla motor vehicle involved in the collision hereinafter described.

2. Defendant, Clarence Waldner, is an individual who resides at the captioned address and, at all times material hereto, did own, control and operate a motor vehicle involved in the collision herein described.

3. Defendant, John Doe Driver, is an unknown individual/individuals/estate and/or duly appointed Administrator/Executor of the Defendant driver, should said Defendant be deceased, who was operating and/or in control of Defendant's vehicle and/or Defendant's employer at the time of the accident and/or responsible for Defendant's vehicle at the time of the accident referenced who Plaintiff could not identify despite a reasonable search. A reasonable and diligent search was conducted to determine the actual names/identities of Defendants, John Doe Driver.

4. Defendant, Waldner Trucking, is business for profit which offers general freight trucking services which is registered as a foreign corporation in the Commonwealth of Pennsylvania and has a principal place of business at the above-captioned address and, at all times material hereto, did own, maintain, and possess the motor vehicle, operated by Defendant, Clarence Waldner, involved in the accident hereinafter described.

5. On or about January 3, 2020, at approximately 8:41 A.M., Plaintiff, Carlos Rivera was operating the aforementioned motor vehicle at or near the intersection of N. American Street and W. Luzerne Street in Philadelphia, PA in the City and County of Philadelphia, Commonwealth of Pennsylvania, when his motor vehicle was struck by Defendant Clarence Waldner, or in the alternative Defendant John Doe Driver, who was making an illegal U-turn, causing Plaintiff to be injured the extent of which will be described hereinafter.

**COUNT I – NEGLIGENCE**
**PLAINTIFF, CARLOS RIVERA vs. DEFENDANT, CLARENCE WALDNER**

6. Plaintiff incorporates by reference, the allegations contained in the foregoing Paragraphs as fully as though the same were fully set forth at length herein.

7. The accident was caused solely by the negligence of the defendant, Clarence Waldner, individually, jointly and/or severally, and consisted of but was not necessarily limited to the following:

(a) Operating his vehicle at an excessive rate of speed under the circumstances;

(b) Failing to keep a proper lookout;

(c) Failing to keep an assured clear distance ahead;

(d) Failing to yield;

(e) Making an illegal U-turn;

(f) Violating the various ordinances of the Statutes of the State of Pennsylvania pertaining to the proper operation of motor vehicles on public highways; and

(g) Being otherwise negligent under the circumstances.

8. Solely as a result of the aforesaid occurrence, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries about the neck, back, spine, head, body and limbs; resulting to a possible injury to the muscles, nerves, disks, bones and ligaments connected thereto; and a shock to the nerves and nervous system.

9. Plaintiff alleges that all of the aforesaid injuries are serious and/or permanent in nature and were a result of a serious impairment of a body function as defined in Pa. C.S.A. § 1702. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

10. As a further result of this accident, Plaintiff has been or will be obliged to receive and undergo medical attention and care, and to expend various sums of money and/or incur expenses for the injuries he has suffered; and he may be obliged to continue to expend such sums for an indefinite period of time in the future, perhaps permanently.

11. As a further result of this accident, Plaintiff has or may suffer a severe loss of his earnings,

and impairment of earning capacity or power for which a claim is hereby made.

12. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the Law.

13. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

14. Plaintiff alleges that he has full tort under Pa. MVFRA 75 Pa. C.S.A. 1702 et. seq., either by way of election and/or by applicable law.

**WHEREFORE**, plaintiff, Carlos Rivera, demands judgment against defendant, Clarence Waldner, individually, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with attorney fees, cost of suit, and any and all such other relief as this Honorable Court deems just and appropriate.

**COUNT II – NEGLIGENCE**
**PLAINTIFF, CARLOS RIVERA vs. DEFENDANT, JOHN DOE DRIVER**

15. Plaintiff incorporates by reference, the allegations contained in the foregoing Paragraphs as fully as though the same were fully set forth at length herein.

16. The accident was caused solely by the negligence of the defendant, John Doe Driver, individually, jointly and/or severally, and consisted of but was not necessarily limited to the following:

(a) Operating his vehicle at an excessive rate of speed under the circumstances;

(b) Failing to keep a proper lookout;

(c) Failing to keep an assured clear distance ahead;

(d) Failing to yield;

(e) Making an illegal U-turn;

(f) Violating the various ordinances of the Statutes of the State of Pennsylvania pertaining to the proper operation of motor vehicles on public highways; and

(g) Being otherwise negligent under the circumstances.

17. Solely as a result of the aforesaid occurrence, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries about the neck, back, spine, head, body and limbs; resulting to a possible injury to the muscles, nerves, disks, bones and ligaments connected thereto; and a shock to the nerves and nervous system.

18. Plaintiff alleges that all of the aforesaid injuries are serious and/or permanent in nature and were a result of a serious impairment of a body function as defined in Pa. C.S.A. § 1702. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

19. As a further result of this accident, Plaintiff has been or will be obliged to receive and undergo medical attention and care, and to expend various sums of money and/or incur expenses for the injuries he has suffered; and he may be obliged to continue to expend such sums for an indefinite period of time in the future, perhaps permanently.

20. As a further result of this accident, Plaintiff has or may suffer a severe loss of his earnings, and impairment of earning capacity or power for which a claim is hereby made.

21. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the Law.

22. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

23. Plaintiff alleges that he has full tort under Pa. MVFRA 75 Pa. C.S.A. 1702 et. seq., either by way of election and/or by applicable law.

**WHEREFORE**, plaintiff, Carlos Rivera, demands judgment against defendant, John Doe Driver, individually, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with attorney fees, cost of suit, and any and all such other relief as this Honorable Court deems just and appropriate.

**COUNT III – NEGLIGENT ENTRUSTMENT**
**PLAINTIFF, CARLOS RIVERA v. DEFENDANT, WALDNER TRUCKING**

24. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

25. The accident was caused solely by the negligence of the Defendant, Waldner Trucking, individually, jointly and/or severally, and consisted of but was not necessarily limited to the following:

(a) Allowing defendants, Clarence Waldner and/or John Doe Driver, to operate their vehicle, knowing that said Defendant did not possess the necessary skills to do so;

(b) Allowing defendants, Clarence Waldner and/or John Doe Driver, to operate their vehicle, knowing that said Defendant possessed dangerous propensities;

(c) Allowing defendants, Clarence Waldner and/or John Doe Driver, to operate their vehicle, without knowing said Defendant's skills or ability to drive;

(d) Allowing defendants, Clarence Waldner and/or John Doe Driver, to operate their vehicle, knowing that said Defendant was not privileged to do so under Pennsylvania law.

26. Solely as a result of the aforesaid occurrence, Plaintiff has been rendered sick, sore, lame and prostrate and has sustained injuries about the neck, back, spine, head, body and limbs; resulting to a possible injury to the muscles, nerves, disks, bones and ligaments connected thereto; and a shock to the nerves and nervous system. Plaintiff has endured and continues to endure great pain and suffering and/or aggravation of pre-existing conditions.

27. Plaintiff alleges that all of the aforesaid injuries are serious and/or permanent in nature and were a result of a serious impairment of a body function as defined in Pa. C.S.A. § 1702. Plaintiff also makes claims hereinafter for injuries, damages or consequences of which he has no present knowledge.

28. As a further result of this accident, Plaintiff has been or will be obliged to receive and undergo medical attention and care, and to expend various sums of money and/or incur expenses for the injuries he has suffered; and he may be obliged to continue to expend such sums for an indefinite period of time in the future, perhaps permanently.

29. As a further result of this accident, Plaintiff has or may suffer a severe loss of his earnings, and impairment of earning capacity or power for which a claim is hereby made.

30. As a direct and reasonable result of the aforementioned accident, Plaintiff has or may in the future incur other financial expenses and/or losses, which do or may exceed amounts, which Plaintiff may otherwise be entitled to recover under contract, or in accordance with the Law.

31. As a result of the aforementioned accident, and by reason of the injuries, as aforesaid, Plaintiff has or may in the future continue to suffer great pain and agony, mental anguish and humiliation, and has been and may in the future be hindered from attending to his daily duties, functions, avocations and occupations(s) all to Plaintiff's great damage and loss.

32. Plaintiff alleges that he has full tort under Pa. MVFRA 75 Pa. C.S.A. 1702 et. seq., either by way of election and/or by applicable law.

**WHEREFORE**, Plaintiff, Carlos Rivera, demands judgment in his favor and against Defendant, Waldner Trucking, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with attorney fees, cost of suit, and any and all such other relief as this Honorable Court deems just and appropriate.

**COUNT IV**
**PLAINTIFF, CARLOS RIVERA vs. DEFENDANT, WALDNER TRUCKING**
**NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION**

33. The foregoing paragraphs incorporated in this count but will not be restates for the sake of brevity.

34. Defendant Waldner Trucking, as a matter of policy and practice fails to discipline, train or otherwise sanction its employees, contractors or agents in the appropriate practices, policies and procedures in the fair and safe operation of a motor vehicle in the Commonwealth of Pennsylvania.

35. At all times herein mentioned, Defendant Clarence Waldner or John Doe Driver, was acting as the agent, servant and/or employee of the Defendant, Waldner Trucking, and therefore, Defendant Clarence Waldner's and/or John Doe Driver's acts were attributable to Defendant Waldner Trucking

36. Defendant Waldner Trucking's actions and failure to properly train, supervise, monitor, discipline and/or terminate Defendant Clarence Waldner or John Doe Driver constitutes reckless and wanton conduct, entitling Plaintiff to seek punitive damages.

37. Defendant, Waldner Trucking, caused the aforementioned injuries and damages to the Plaintiff as described in this Civil Action Complaint in violation of Plaintiff's rights as follows:

(a) Failing to properly train, and/or establish proper training policies;

(b) Failing to exercise proper care and/or supervision over and/or establish proper monitoring and supervision policies for their employees and/or agents;

(c) Negligently hiring, training, supervising and or retaining Defendant's employees and/or agents;

(d) Failing to implement and/or enact policies and procedures against inattentive driving;

(e) Failing to observe and/or enforce state, federal and/or local laws and/or regulations with regards to Plaintiff;

(f) Failing to enact policies and/or procedures to ensure that Plaintiff and other persons in situations similarly would not be injured;

(g) Ignoring and/or acting with the deliberate indifference to Plaintiff's health, safety and/or welfare;

(h) Failing to exercise reasonable care in the selection or training of its employees

(i) Failing to implement and/or enact policies and procedures against distracted driving;

(j) Failing to implement and/or enact policies and procedures against the use of a cell phone while operating a motor vehicle in the Commonwealth of Pennsylvania;

(k) Failing to implement and/or enact policies and procedures against unlawful reliance against cell phone and/or GPS technology which renders drivers of motor vehicles inattentive to the rules of the road.

**WHEREFORE**, Plaintiff, Carlos Rivera, demands judgment against Defendant, Waldner Trucking, in an amount in excess of $50,000.00, and be awarded punitive damages against Defendants.

**COUNT V**
**PLAINTIFF, CARLOS RIVERA vs. DEFENDANT, WALDNER TRUCKING,**
**NEGLIGENT ENTRUSTMENT**

38. Plaintiff incorporates by reference, the allegations contained in the foregoing Paragraphs as though the same were set forth at length herein.

39. The negligence, recklessness, and/or carelessness of Defendant, Waldner Trucking, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consist of, but not limited to the following:

a) Permitting Defendants Clarence Waldner or John Doe Driver to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;
b) Permitting Defendants Clarence Waldner or John Doe Driver to operate the motor vehicle when Defendant knew, or in the exercise of due care and diligence, should have known that Defendants Clarence Waldner or John Doe Driver was capable of committing the acts of negligence set forth above;
c) Failing to properly screen, hire, employ, train, retain and/or supervise Defendants Clarence Waldner or John Doe Driver;

d) Negligently entrusting Defendants, Clarence Waldner or John Doe Driver, to drive the motor vehicle;

e) Failing to warn those persons, including the Plaintiff, that Defendant Waldner Trucking, knew, or in the existence of due care and diligence should have known that Plaintiff would be exposed to Defendants Clarence Waldner or John Doe Driver negligent operation of the motor vehicle.

40. At all times relevant hereto, Defendant Waldner Trucking, knew or should have known that Defendants Clarence Waldner or John Doe Driver was careless and/or reckless driver and/or should not have been behind the wheel of a vehicle, but failed to take reasonable steps to protect other motorist from serious bodily injury.

41. As a direct and proximate result of the aforesaid negligent of Defendant Waldner Trucking, Plaintiff has suffered severe and permanent injuries to his body, as set forth previously herein.

42. As a direct and proximate result of the aforesaid negligent of Defendant Waldner Trucking, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Carlos Rivera, hereby respectfully requests this Honorable Court to enter judgment against Defendant Waldner Trucking, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

**COUNT VI**
**PLAINTIFF, CARLOS RIVERA vs. DEFENDANT, WALDNER TRUCKING, VICARIOUS LIABILITY**

43. Plaintiff incorporates by reference, the allegations contained in the foregoing Paragraphs as though the same were set forth at length herein.

44. Defendant Waldner Trucking, is vicariously liable for the actions of its agent, servant, workman, contractor, and/or employee Defendants Clarence Waldner or John Doe Driver, who at all times relevant acted within the course and scope of his authority and on the Defendant's behalf.

45. Defendant Waldner Trucking, is liable for the negligent conduct of its driver/employee, Defendants Clarence Waldner or John Doe Driver, under the doctrine of respondeat superior because of his conduct as aforesaid was done with the intent of furthering Defendant's business.

46. As a direct and proximate result of the aforesaid negligent of Defendant Waldner Trucking, Plaintiff has suffered severe and permanent injuries to his body, as set forth previously herein.

47. As a direct and proximate result of the aforesaid negligent of Defendant Waldner Trucking, Plaintiff is entitled to recover economic and non-economic damages, as set forth previously herein.

**WHEREFORE**, Plaintiff, Carlos Rivera, hereby respectfully requests this Honorable Court to enter judgment against Defendant jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with costs, attorney fees, punitive damages and such other relief as this Honorable Court may deem just and appropriate.

RODDEN RODDEN & BRESLIN

/S/______________________________
Matthew S. Breslin, Esquire
Attorney for Plaintiff

Dated: December 28, 2021

**VERIFICATION**

Carlos Rivera, Plaintiff in the foregoing matter, hereby verifies that he is authorized to take this Verification; he is familiar with the facts and circumstances surrounding this matter, and the facts set forth in the foregoing document are true and correct to the best of his knowledge, information and belief.

Further, he is aware that any false statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification made to authorities.

Carlos Rivera

Carlos Rivera

Dated: December 28, 2021